FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 02 2009

JAMES N. HATTEN, Clerk
By: White
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALBERT CALHOUN and PATRICIA CALHOUN, <br>     Plaintiffs, <br><br> v. <br><br> DIANE DODGEN, M.D. <br> VICTOR MIGUEL CAMACHO, M.D. <br> COWEETA EMERGENCY PHYSICIANS, L.L.C., and <br> ARMENAK ASATRYAN, M.D. <br><br>     Defendants. | CIVIL ACTION <br> NO. 1 09-cv-1792 <br><br> RWS |

## NOTICE OF REMOVAL

NOW COMES the United States Attorney, as counsel of record for defendant Armenak Asatryan, M.D., seeking to remove to this Court pursuant to 28 U.S.C. § 2679(b) the lawsuit styled <u>Albert Calhoun et al v. Diane Dodgen M.D., et al</u>, State Court of Dekalb County, State of Georgia, case No. 09A06230-3, and respectfully shows this court the following:

1.

Dr. Armenak Asatryan, M.D., was served with a copy of the summons and complaint on June 13, 2009. A copy of the summons and complaint are attached

hereto as Exhibit A.

2.

This action arises out of medical care and treatment that was provided by the Defendant Armenak Asatryan, M.D. to Albert Calhoun. Dr. Armenak Asatryan is an employee of the Department of Veterans Affairs. Plaintiff claims that on September 16, 2007, Mr. Calhoun was seen by Doctor Asatryan at the Department of Veterans Affairs, who diagnosed him with sciatica. Plaintiff claims that Dr. Armenak Asatryan breached the standard of care when he failed to properly treat and diagnose the plaintiff.

3.

This action is one which may be removed without bond to this court pursuant to subsection (d) of 28 U.S.C. § 2679.

4.

The applicable version of 28 U.S.C. § 2679 provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil

2

> action or proceeding for money damages arising out of or
> relating to the same subject matter against the employee or the
> employee's estate is precluded without regard to when the act
> or omission occurred.

28 U.S.C. § 2679(b)(1).

5.

Upon certification by the Attorney General or his designee that the defendant was acting within the scope of his federal employment at the time of the incident out of which the lawsuit arose, the action is deemed one against the United States, and the United States must be substituted as a defendant in place of defendant Armenak Asatryan, M.D. 28 U.S.C. § 2679(d)(1).

6.

Attached hereto is a certification signed by the United States Attorney for the Northern District of Georgia, that defendant Armenak Asatryan, M.D.. was acting within the scope of his federal employment at the time of the incident out of which this lawsuit arose.

WHEREFORE, defendant Armenak Asatryan, M.D. prays that the above-styled case now pending in the State Court of DeKalb County, State of Georgia, be removed therefrom to this court and that it thereupon be deemed a tort action against the United States under the provisions of 28 U.S.C. § 1346(b) and 28

U.S.C. § 2679. A proposed order dismissing all claims against defendant Armenak Asatryan, M.D.. is attached for the convenience of the court.

Respectfully Submitted this 2nd day of July, 2009.

>DAVID E. NAHMIAS
>UNITED STATES ATTORNEY
>
>/s/ Aileen Bell Hughes
>AILEEN BELL HUGHES
>ASSISTANT U.S. ATTORNEY
>Georgia Bar No. 375505
>600 Richard B. Russell Bldg.
>75 Spring Street, SW
>Atlanta, Georgia 30303
>(404) 581-6133
>(404) 581-6150 (facsimile)

## CERTIFICATE OF SERVICE

I certify that I have this day served the enclosed **NOTICE OF REMOVAL, PROPOSED ORDER AND CERTIFICATION** by depositing a copy thereof, postage prepaid, in the United States Mail addressed as follows:

>Charles McAleer
>The McAleer Law Firm
>121 Church Street
>Decatur, GA 30030
>
>Jay D. Lukowski
>Ronald Kaplan
>Kaplan & Lukowski, LLP
>333 Sandy Springs Circle
>Suite 200
>Atlanta, GA 30328

This 2nd day of July, 2009.

>/s/ Aileen Bell Hughes
>AILEEN BELL HUGHES
>ASSISTANT U.S. ATTORNEY