No. 09A06230-3

Date Summons Issued and Filed
4/24/09

_____
Deputy Clerk

Deposit Paid $ 110.50

[ ] ANSWER
[X] JURY

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

SECOND ORIGINAL

**SUMMONS**

Albert Calhoun and
Patricia Calhoun
(Plaintiff's name and address)

vs.

Dr. Miguel Camacho, M.D.
1460 Old Riverside Road
Roswell, GA 30076

Diane Dodgen, M.D.    Armenak Asatryan, M.
107 Jackson Avenue   1722 Jericho Court
Thompson, GA 30286   Tucker, GA 30084
(Defendant's name and address)

Coweta Emergency Physicians, LLC
c/o Ross Greenberg
7982 Macon Highway, Watkinsville, GA 30677

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Charles H. McAleer, Esq.
(Name)
121 Church Street, Decatur, GA 30030
(Address)
404-811-7374                     480098
(Phone Number)            (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

| Defendant's Attorney | Third Party Attorney |
|---|---|
|  |  |
| Address | Address |
| Phone No.      Georgia Bar No. | Phone No.      Georgia Bar No. |

**TYPE OF SUIT**

☐ Account            ☐ Personal Injury          Principal    $ _____
☐ Contract           ☒ Medical Malpractice
☐ Note               ☐ Legal Malpractice        Interest     $ _____
☐ Trover             ☐ Product Liability
                     ☐ Other                    Atty Fees    $ _____

☐ Transferred From _____

(Attach BLUE to Original and WHITE to Service Copy of complaint)

summons1-2008rev

**Second Original**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALBERT CALHOUN, and PATRICIA CALHOUN, | CIVIL ACTION NUMBER: |
| PLAINTIFFS, | |
| v. | |
| DIANE DODGEN, M.D., VICTOR MIGUEL CAMACHO, M.D., COWETA EMERGENCY PHYSICIANS, LLC., and ARMENAK ASATRYAN, M.D., | |
| DEFENDANTS. | |

### COMPLAINT FOR MEDICAL NEGLIGENCE

COME NOW PLAINTIFFS Albert Calhoun and Patricia Calhoun and show this Court the following:

1.  Upon information and belief, defendant Armenak Asatryan, MD, ("Dr. Asatryan") is resident of DeKalb County, Georgia. Dr. Asatryan may be served at 1722 Jericho Court, Tucker, Georgia 30084 and is subject to the jurisdiction of this Court.

2.  Upon information and belief, defendant Victor Miguel Camacho, M.D. ("Dr. Camacho") is a resident of Fulton County, Georgia. Dr. Camacho may be served at 1460 Old Riverside Road, Roswell, Georgia 30076 and is subject to the jurisdiction of this Court.

3.  Upon information and belief, defendant Diane Dodgen, M.D. ("Dr. Dodgen") is a resident of Upson County, Georgia. Dr. Dodgen may be

served at 107 Jackson Avenue, Thompson, Georgia 30286 and is subject to the jurisdiction of this Court.

4.  Upon information and belief, defendant Coweta Emergency Physicians, LLC ("Coweta") is a Georgia limited liability company. Coweta may be served by serving its registered agent Ross Greenberg at 7982 Macon Highway, Watkinsville, Georgia 30677 and is subject to the jurisdiction of this Court.

5.  Based on the above, venue is proper in this Court.

6.  Upon information and belief, at all times relevant to this action, Dr. Dodgen was an agent and/or employee of Coweta which is subject to the acts and omissions of its agents and/or employees.

7.  Upon information and belief, at all times relevant to this action, Dr. Camacho was an agent and/or employee of Coweta which is subject to the acts and omissions of its agents and/or employees.

### FIRST CLAIM FOR RELIEF MEDICAL MALPRACTICE ON BEHALF OF ALBERT CALHOUN

8.  On September 11, 2007, Albert Calhoun presented to the Veterans Administration Hospital in Atlanta, Georgia complaining of left hip pain for 5 days. The pain was so severe that he left work early going to the emergency room. Mr. Calhoun was seen initially and evaluated by Janet T. Fason, D.O. who diagnosed Mr. Calhoun with low back pain and prescribed exercises, Motrin and Skelaxin for him.

9. On September 13, 2007, Mr. Calhoun, still in severe pain, went to the Piedmont Newnan Hospital emergency room. He was examined by Dr. Dodgen who diagnosed Mr. Calhoun with low back pain and left lower extremity pain. A urinalysis was negative. She referred Mr. Calhoun back to Dr. Fason at the Veteran's Hospital and continued his Motrin and Skelaxin. Dr. Dodgen advised Mr. Calhoun to return to the emergency room if he had a problem.

10. Mr. Calhoun went to the Piedmont Newnan Hospital emergency room on September 15, 2007 complaining of severe back pain and numbness in his buttocks. He was examined by Dr. Camacho  Mr. Calhoun was noted to be in mild distress and that the medications that had been prescribed for him were not helping him. Dr. Camacho ordered a CT scan of the abdomen, chest and pelvis and a urinalysis and diagnosed Mr. Calhoun with a urinary tract infection. Dr. Camacho placed Mr. Calhoun on Prednisone, Bactrim, and Percocet. He also administered intravenous morphine and phenergan for his pain.

11. On September 16, 2007, Mr. Calhoun returned to the Veteran's Hospital for increased pain in his lower back. He was seen by defendant Armenak Asatryan, M.D. who diagnosed Mr. Calhoun with sciatica. Dr. Asatryan discharged Mr. Calhoun on Tramadol 50 mg every 8 hours for pain and Cyclobenzaprine 10 mg one every 8 hours for muscle spasm and bed rest for three to five days.

12. On September 18, 2007, Mr. Calhoun returned to the Piedmont Newnan Hospital where he was diagnosed with cauda equina syndrome and was taken immediately to surgery. The surgery was unsuccessful and Mr. Calhoun became permanently paralyzed from the waist down.

13. Dr. Dodgen breached the standard of care when she failed to adequately evaluate, examine, and order the appropriate tests to treat Mr. Calhoun's repeated complaints of low back pain. Dr. Dodgen's failure to thoroughly examine Mr. Calhoun and failure to order diagnostic imaging studies constitutes gross negligence. Had Dr. Dodgen ordered such tests, Mr. Calhoun would have been timely diagnosed with cauda equina syndrome and surgery would have prevented paralysis.

14. Dr. Camacho breached the standard of care when he failed to adequately evaluate, examine, and order the appropriate tests to treat Mr. Calhoun's repeated complaints of low back pain. Dr. Camacho's failure to thoroughly examine Mr. Calhoun and failure to order diagnostic imaging studies constitutes gross negligence. Had Dr. Camacho ordered such tests, Mr. Calhoun would have been timely diagnosed with cauda equina syndrome and surgery would have prevented paralysis.

15. Dr. Asatryan breached the standard of care when he failed to adequately evaluate, examine, and order the appropriate tests to treat Mr. Calhoun's repeated complaints of low back pain. Dr. Asatryan's failure to thoroughly examine Mr. Calhoun and failure to order diagnostic imaging

studies constitutes gross negligence. Had Dr. Asatryan ordered such tests, Mr. Calhoun would have been timely diagnosed with cauda equina syndrome and surgery would have prevented paralysis.

16. The above enumerated departures from the applicable standard of care by Dr. Dodgen, Dr. Camacho and Dr. Asatryan, to a reasonable degree of medical certainty, were the direct and proximate cause of, and/or were substantial contributing factors in the injuries suffered by Mr. Calhoun

17. The affidavit of Leslie Zun, M.D., sworn to on March 31, 2009 attesting to the breach of the standard of care by defendants Dr. Dodgen, Dr. Camacho, and Dr. Asatryan, MD is annexed as Exhibit "A".

18. By reason of the foregoing, Plaintiffs seek damages against the Defendants in an amount in excess of $10,000.

## SECOND CLAIM FOR RELIEF FOR PATRICIA CALHOUN FOR LOSS OF CONSORTIUM

19. Plaintiffs repeat and re-allege each and every allegation contained in Plaintiff's 1 through 18 of this complaint as though set forth fully herein.

20. Plaintiff Patricia Calhoun under O.C.G.A. § 9-3-33 and O.C.G.A. § 9-51-9 asserts a claim for loss of consortium as a direct and proximate result of the injuries to Plaintiff Albert Calhoun as a result of the negligence of the Defendants.

{Client Files\530\530-001\00011435.DOC /}   5

21. Patricia Calhoun contends that as a direct and proximate result of the negligence of defendants, her marital relationship with Albert Calhoun has been affected and she has lost the services and companionship provided by her husband.

22. By reason of the foregoing, Patricia Calhoun has been damaged in an amount in excess of $10,000.00.

Respectfully submitted this \_\_\_\_\_ day of April, 2009.

_____
Charles McAleer
State Bar No. 480098
The McAleer Law Firm
121 Church Street
Decatur, Georgia 30030
404-816-7374


Jay D. Lukowski
State Bar No. 460799
Ronald I. Kaplan
State Bar No. 407307
Kaplan & Lukowski, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
404-845-0012

From: Armenak Asatryan, MD, MPH
448 Margate Terrace
Deerfield IL 60015

Date: June 16, 2009

To: Sonja Reid
Atlanta VA Medical Center – 00PS
1670 Clairmont Road
Decatur GA 30033

Dear Ms. Reid:

As per our telephone conversation, enclosed please find the documents I received. If you have any questions, please feel free to call me at 847 936 0554 (work) or 847 236 0323 (home).

Thank you.

Sincerely,

Armenak Asatryan, MD, MPH

# AFFIDAVIT OF LESLIE ZUN, M.D.



STATE OF ILLINOIS
COUNTY OF COOK

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Leslie Zun, M.D., who, after being duly sworn, on oath says and deposes as follows:

1. I am a physician licensed to practice medicine in the State of Illinois by the Division of Professional Regulation. I am board-certified in Emergency Medicine. I give this Affidavit based upon my personal knowledge and belief. Attached to this Affidavit as Exhibit "A" is a copy of my Curriculum Vitae.

2. Through education, training, and experience, I am familiar with the standards of care applicable to the medical profession generally and am familiar with the standards of care regarding the practice of emergency medicine. I have been in the continuous practice of emergency medicine since 1985. I have reviewed the medical records from Piedmont Newnan Hospital and the Veteran's Administration Hospital Atlanta, Georgia regarding the care of Albert Calhoun.

3. The medical records indicate that on September 11, 2007, Mr. Calhoun presented to the Veterans Administration Hospital in Atlanta, Georgia complaining of left hip pain for 5 days. The pain was so severe that it necessitated him leaving work and coming to the emergency room.

4. Mr. Calhoun was seen and evaluated by initially by Janet T. Fason, D.O. on September 11, 2007 who diagnosed Mr. Calhoun with low back pain and prescribed exercises, Motrin and Skelaxin for him.

{Client Files\530\530-001\00010847.DOC / 5}

Plaintiff's Exhibit A

5. On September 13, 2007, Mr. Calhoun, still in severe pain, went to the Piedmont Newnan Hospital emergency room. He was examined by Diane Dodgen, M.D who diagnosed Mr. Calhoun with low back pain and left lower extremity pain. A urinalysis taken was negative. She referred Mr. Calhoun back to Dr. Fason at the Veteran's Hospital and continued his Motrin and Skelaxin. Dr. Dodgen advised Mr. Calhoun to return to the emergency room if he had a problem.

6. Mr. Calhoun returned to the Piedmont Newnan Hospital emergency room on September 15, 2007 complaining of severe back pain and numbness in his buttocks. He was examined by Victor M. Camacho, M.D. He was noted to be in mild distress and reported that the medications were not helping him. Dr. Camacho ordered a CT scan of the abdomen, chest and pelvis and a urinalysis and diagnosed Mr. Calhoun with a urinary tract infection. Dr. Camacho placed Mr. Calhoun on Prednisone, Bactrim, and Percocet. He also administered intravenous morphine and phenergan for his pain.

7. On September 16, 2007, Mr. Calhoun returned to the Veteran's Hospital for increased pain in his lower back. He was seen by Armenak Asatryan, M.D. who diagnosed Mr. Calhoun with sciatica and Dr. Asatryan discharged Mr. Calhoun on Tramadol 50 mg every 8 hours for pain and Cyclobenzaprine 10 mg one every 8 hours for muscle spasm and bed rest for three to five days.

8. On September 18, 2007, Mr. Calhoun returned to the Piedmont Newnan Hospital where he was diagnosed with cauda equina syndrome and was taken immediately to surgery.

9. Based on my review of these medical records, my medical education, training and experience and on my knowledge and experience in dealing with the same or

similar medical problems, it is my opinion that Diane Dodgen, M.D., breached the standard of care when she failed to adequately evaluate, examine, and order the appropriate tests to treat Mr. Calhoun's repeated complaints of low back pain. Further, Dr. Dodgen's failure to order a CT scan or a MRI scan, which is the slightest medical care that Dr. Dodgen should have provided given the symptoms with which Mr. Calhoun presented, namely, continuing low back pain and lower extremity pain in Mr. Calhoun's buttocks, constituted gross negligence, i.e. a failure to provide even slight medical care directed at his back problem.

10.     Based on my review of these medical records, my medical education, training and experience and on my knowledge and experience in dealing with the same or similar medical problems, it is my opinion that Victor M. Camacho, M.D., breached the standard of care when he failed to adequately evaluate, examine, and order the appropriate tests to treat Mr. Calhoun's repeated complaints of low back pain. Further, Dr. Camacho's failure to order a CT scan or a MRI scan, which is the slightest medical care that Dr. Camacho should have provided given the symptoms with which Mr. Calhoun presented, namely, continuing low back pain and lower extremity pain in Mr. Calhoun's buttocks, constituted gross negligence, i.e. a failure to provide even slight medical care directed at his back problem.

11.     Based on my review of these medical records, my medical education, training and experience and on my knowledge and experience in dealing with the same or similar medical problems, it is my opinion that Armenak Asatryan, M.D. breached the standard of care when he failed to adequately evaluate, examine, and order the appropriate tests to treat Mr. Calhoun's repeated complaints of low back pain. Further,

Dr. Asatryan's failure to order a CT scan or a MRI scan, which is the slightest medical care that Dr. Dodgen should have provided given the symptoms with which Mr. Calhoun presented, namely, continuing low back pain and lower extremity pain in Mr. Calhoun's buttocks, constituted gross negligence, i.e. a failure to provide even slight medical care directed at his back problem.

12. The above enumerated departures from the applicable standard of care by Dr. Dodgen, Dr. Camacho and Dr. Asatryan, to a reasonable degree of medical certainty, were the direct and proximate cause of, and/or were substantial contributing factors in the resulting cauda equina syndrome that resulted in the permanent paralysis suffered by Mr. Calhoun

13. I make this Affidavit under oath, after having been duly sworn, on the basis of my training and medical experience. I am of legal age and fully competent to testify to all of the opinions and conclusions stated herein. This Affidavit is executed for the purpose of being attached to and used in support of the plaintiff's Complaint for Damages for Medical Malpractice as required by O.C.G.A. §9-11-9.1.

Leslie Zun, M.D.

Sworn to and subscribed before me

this 31st day of March, 2009.

Notary Public

"OFFICIAL SEAL"
Sarah L. Harrison
Notary Public, State of Illinois
My Commission Exp. 10/17/2009

{Client Files\530\530-001\00010847.DOC / 5}