**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ALBERT CALHOUN and :
PATRICIA CALHOUN, :
                                        :
     Plaintiffs, :
                                        : CIVIL ACTION NO.
v. : 1:09-CV-1792-RWS
                                        :
DIANE DODGEN, *et al.*, :
                                        :
     Defendants. :

## **ORDER**

This case is before the Court for consideration of the Motion to Dismiss [8] filed by the United States of America. No response has been filed to the Motion to Dismiss, and it is therefore deemed unopposed.

Plaintiffs originally filed this action in the State Court of DeKalb County on April 24, 2009. One of the original Defendants was Dr. Armenak Asatryan, a physician at the Veterans Hospital in Atlanta, Georgia. The claim against Dr. Asatryan arose out of medical care and treatment provided by Dr. Asatryan to Plaintiff while Dr. Asatryan was an employee of the Department of Veterans Affairs. Dr. Asatryan removed the case to this court and requested that the United States of America be substituted for him as a defendant in this action

pursuant to 28 U.S.C. § 2679(d)(1). On July 8, 2009, the Court entered an Order [3] substituting the United States as a defendant in place of Dr. Asatryan.

Plaintiffs submitted an administrative tort claim for personal injury related to the subject matter of this lawsuit to the United States Department of Veterans Affairs on May 4, 2009. Six (6) months have not passed since the Plaintiffs submitted their administrative tort claim, and the Agency has not issued a final decision regarding the claims.

In order to maintain a lawsuit against the United States under the Federal Torts Claim Act, a plaintiff must present notice of his or her claim to the appropriate federal agency. Once the claim has been denied or six (6) months after the claim has been filed, a plaintiff may bring a lawsuit in federal court. . . . A federal court's power to adjudicate a claim brought against the United States depends solely on whether the claimant has previously complied with the minimal requirements of the statute." Free v. U.S., 885 F.2d 840, 842 (11th Cir. 1989)(citations omitted). Because Plaintiffs did not submit their claim to the agency before filing this action and because the claim is still pending and six (6) months have not passed, the United States asserts that this Court lacks subject matter jurisdiction. The Court agrees.

2

Therefore, the Motion to Dismiss filed by the United States [8] is hereby **GRANTED**. Because jurisdiction in this Court was based upon the presence of the United States as a party to the action, the Court no longer has a basis for jurisdiction over the remaining claims in the case. Accordingly, the Clerk of Court is hereby **ORDERED** to **REMAND** this action to the State Court of DeKalb County.

**SO ORDERED**, this  11th  day of September, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)